All right, our third case for this morning will be United States v. Keith Carr, Ms. Pavlov. Good morning, Your Honors. May it please the Court, Counsel. At trial, the evidence was insufficient to establish a conspiracy beyond 1,000 grams. The quantity element came from a single witness, Mokese Lee. He testified pursuant to a 5K agreement, and the government utilized Mr. Lee in setting a calculation of 2.4 kilograms. They did that based on his direct testimony that he mixed heroin twice a week, 25 grams each time, multiplied times 52 grams, and they came up with 2.4. The problem, of course, is that during his cross-examination testimony, Mr. Lee admitted that it was 25 grams once a week. But why does that bind anybody? I mean, he wouldn't be the first witness in a drug case to testify inconsistently. I mean, one or the other is correct, but why is it automatically the second thing? Or maybe neither one of them is correct, for all I know. But the government has some testimony from Mr. Lee. It's maybe weak, it's maybe impeached, but why isn't that enough? It's not enough in this particular case because he's the only witness to provide an element of quantity, and he's not impeached through other witnesses. I mean, he's impeached through the agents, but other witnesses or other evidence is not giving quantity. Mr. Lee is contradicting himself on quantity. He's, he contradicted himself on the frequency that he mixed, how often he mixed, when he started, when he stopped. No, I understand. He says a lot of different things, and it's not even clear to me that the 25 grams he's talking about is a starting point of pure heroin that actually turns into quite a bit more by the time it gets cut, or whether it's what was out there after it's been cut. But there is direct testimony that it's 25 grams, let's say, twice a week. And if the rule is that in sentencing we can't rely on anybody who contradicted themselves, that would be a drastic change in the evidentiary basis for sentences. For verdict purposes, the government has to prove it beyond a reasonable doubt. And in doing so in this case, they were unable to do so based on his own contradictory testimony. But adding into that analysis is the fact that the district court, we believe, abused its discretion in not allowing impeachment of Mr. Lee, in addition to the other areas of impeachment that were part of the record, of his prior conviction. Under 609, that prior conviction was outside of the 10-year limit. But the rule does provide for the court to allow an analysis to let in untimely convictions. But she said she just didn't see anything extraordinary enough to justify that. Isn't that a discretionary call? It is a discretionary call, but we believe that she abused her discretion in considering the factors. One, the prior conviction had great impeachment value. Without it, the jury is free to think that Mr. Lee simply got caught up in this drug conspiracy, he's now cooperating, and he learned his lesson. In actuality, he had served a prior term of imprisonment for attempted murder, came out, and picked up his illegal activity right where he left off, and that's evident from his plea agreement. Hard to think that the jurors thought he was a great guy. I mean, they knew he was pleading guilty to this drug conspiracy. He does, at one point, say 25 grams two or three times a week. This is heroin, after all, you know, a pretty serious substance. So, I understand why he wanted the conviction in, but I'm not sure that it would have tipped the jury one way or the other. Can you direct us to any cases where we've held a trial judge abused discretion in sticking with the 10-year limit? Your Honor, I cannot, but I would say for comparison's sake, you know, it's sentencing when we're considering a defendant's prior history. It certainly goes back 15 years. Those things are pertinent for the court to consider in sentencing, and I understand this is a trial issue, and so the 10-year mark is not a hard and fast rule. 609 does allow for a discretionary call, and whether it's right or wrong, the idea is that a convicted felon may testify untruthfully. Given the importance and the critical nature of Mr. Lee's testimony on an essential element in this case, that prior conviction was essential. It also only missed the mark by about 15 months. So, we believe under the factors of both the importance and centrality of his testimony, that the prior conviction should have been admitted. How would that work when he's a defense witness? Gee, he's out of the, the conviction misses the mark by time, but we, the prosecution, think we really have to, he's a critical defense witness, we really have to undermine him, so Judge, you've got to let us put that in. I can imagine what the defense argument would be, right? The government would have to go through the same analysis and the same factors and submit that to the court. It would also depend on how critical his testimony would be for the defendant. Without knowing what it is he would testify on behalf of the defendant, it's hard to make that analysis because that is, in fact, a factor to consider. But that's exactly why it's in the district court's discretion, because the district court here looks at the 609B rules, nobody debates that the default is the 10 years, and assesses Lee, assesses how this fits in, and thinks, I don't, I haven't been persuaded to go outside the 10 year limit. It's a very discretionary call. You've just described lots of good reasons why it's discretionary. It is discretionary, but considering the fact that the facts in this case supported at least four out of the five factors to consider, we respectfully submit that the district court made the wrong call. So what are we going to do with this mess with the 851 enhancement? It seems to me that the purpose was certainly satisfied. It's filed, there's this terrible mistake made in the, very unfortunate, it's not whatever adjective you want, in the clerk's office. But it seems that Mr. Carr proceeds through the entire case thinking that the 851 notice is there, so his strategy for plea bargaining hasn't changed, his trial preparation strategy hasn't changed. So the purpose of the notice, and the fact that there's actual notice that there was a filing, exists, even though it turns out at the last minute it wasn't there, so they have to cure that problem and put it back in again. But I don't see in the statute itself any words to the effect of, you know, it has to be on file at every minute, it just has to be filed and served. And I also would note that we have found problems in this area to be subject to harmless error analysis in the Williams case. Interestingly enough, unlike 609, the dictates of 851 seem to be a little more liberally applied. The statute does require a filing. Right, and there was a filing. There was a filing and it was removed. But we do have the evidence that there was a filing from that copy that was retained with the CMECF stamp on it. I understood that you did not contest the authenticity of that document. Correct. Early on when the issue was uncovered, it was, the clerk wasn't sure that it could get the document back. And then later as time went on, the government was able to retrieve that. Right. So there's no question that it was filed? No, but it has to be properly filed. I mean, the clerk, what's uncertain in this case is there's no... The government failed to check the record for 18 months prior to trial to see if the notice was on file. That's not an obligation under the statute. Under the statute, it filed the proper notice and served it, correct? Well, it did, but it's also an obligation to make sure the document gets filed. There was no hearing in this case and the request for the clerk's manuals was denied. So the idea that the 851 was removed might have been because they simply improperly filed it. Now there's a lot of documents on this docket and the only three that get withdrawn are the 851 notices that the government files, which does indicate that maybe they just filed it improperly. Is there any evidence of that? Judge, no. There was no hearing in this matter. There's no affidavit from the filer. So let me just, maybe I'm just repeating Judge Wood's question, but in essence, I have trouble seeing how the defendant was prejudiced by the clerk's error here. He's prejudiced because he serves an extra decade to a sentence. I understand the consequences, but by the error, because the government did what it was required to do for a valid 851 sentence. So to put, to just sort of add, what would the defendant have done differently if this thing had just stayed there in the CMECF file until everybody's getting ready for sentencing instead of being pulled a few days later and suddenly everybody discovers, oops, it's not there. That analysis is essentially a no harm, no foul, right? Because the defendant has noticed, so what does it matter? Well, it is in the sense that it's, I'm relying on Williams to say that there can be some situations in which a failure, let's say in the implementation of what the point of the 851 filing is, there could be some situations where that was harmful. So for example, if Mr. Carr had gone back and checked the docket himself, you know, a month or so after it was pulled, maybe he would have said, oh, there's no 851 filing here, so I'm not facing the enhanced sentence. That could affect trial strategy. So that's a path that didn't happen, but that certainly would be a path where I would be much more receptive to the idea that it was a harmful mistake. But none of that happens here, so I can't see what he would have done differently if this hadn't gone awry. I would offer a different perspective on the no harm, no foul analysis. If the untimely 851 were not allowed, there's no harm, no foul. The government can still ask for 20 years. The judge can still impose 20 years. It's not as if somehow the conviction gets vacated. The only thing, the only difference is that the government isn't going to dictate the ceiling floor based on the 851. I see my, I'm into my little time, if I can reserve that. Could I just ask you the one quick question? If we agree that the 20 year sentence is valid, would we need to address the sentencing guideline issues about quantity or organizer leader? We've raised them as errors, but certainly if 20 years is the minimum, then I don't know that those would make a difference under the guidelines. But I did raise them as errors. Yeah, well, if the 20 years drops out, then they're certainly relevant, so. Thank you. Nice. It's Viglione. May it please the court. Good morning. My name is Kristen Viglione and I represent the United States. Both the jury's verdict and the district court's determination of drug testimony of a cooperating witness, Mokese Lee, who testified, although in various amounts, testified that on average he would mix 25 grams of heroin once per week over the course of an entire year. But Lee was not the only evidence of quantity that the government presented. The government also presented Lewis, a second cooperating witness. He admitted on the stand that he was involved with 800 grams of heroin. In addition, the government presented evidence of controlled buys, and that evidence resulted in 89.1 grams of heroin. In addition... So do I understand you to be relying only on Mr. Lee's second statement, that it was the 25 grams once a week, not twice a week? No, Your Honor. Mr. Lee did testify... I may have misheard you, yeah. Did testify at different times, that sometimes he testified that he mixed 25 grams twice a week over the course of a year. He testified that sometimes he would mix as much as 40 grams. So taking just the most conservative amount of 25 grams per week over the course of a year, the jury would have ample evidence of over 1,000 grams. Twenty-five grams once a week? Okay, yeah, that's 1,250 grams. And that's not to mention, however, the jury would have weighed the evidence and determined maybe it was more based on the testimony of Lee. It does not bring in the testimony of Lamar Lewis. It does not bring in the evidence of the controlled buys. The district court had additional evidence to consider in reaching its conclusion. So I guess the other issue, if it's just 25 grams a week, is the duration. Is it a full year? Is it less than a year? There was some dispute about that. Yes, Your Honor, there is some dispute about that. The testimony of Mr. Lee was that he was involved in the conspiracy for a year. He mentioned that he stopped being involved in the conspiracy at some point after his son was arrested in April. He did not specify a date of when after. And so the testimony came in that way, and the jury was entitled to credit the witness and resolve inconsistencies as it sees fit. And the jury's verdict was supported by sufficient evidence. In addition, as Your Honor noted, Lee testified that he mixed 25 grams of heroin, and he mixed it with Dormin. The combination was 13 grams of Dormin to 4 grams of heroin, and that substantially increased the amount. As the government argued in its closing argument, that amount would constitute a mixture and substance containing heroin, which is what the government was supposed to prove. Both the jury and the district court could consider that in extra accountability. The indictment charge, a mixture and a substance? That is what the jury instruction specified. And finally, the wiretap phone calls that the government presented corroborated the fact that Lee and Lewis were a small cross-section of a larger drug operation. Second, the jury and the district court resolved the credibility issues that the defendant is concerned with. As I mentioned, the jury is entitled to credit witnesses and resolve inconsistencies, and they did so in the government's favor. Lee and Lewis, although small players, were individuals who were involved in sales and mixing and bagging. They had their hands on the drugs and could testify as to the quantity. The district court did not clearly err in its credibility determination. They relied on the credible evidence introduced at trial, and also the admissions and the plea agreements, which were all corroborated by the wiretaps. The district court did not abuse its discretion when it properly applied Rule 609 to the facts of this case and barred the evidence of Lee's 11-year-old conviction. So I want you, maybe you're winding up to this, to get to the 851 point. Yes, Your Honor. Because the concern that I have is if you read the statute, it just says that the United Court and serve a copy on the person stating and writing previous convictions. So it sounds like you could file it and serve it, and then 15 minutes later, you could pull it off the docket and you'd be in perfect compliance with this statute, but that would be an absurd way to read the statute, in my opinion. The purpose of the statute is to give full notice to the person, to have something that's not in the court record would be a very irregular practice. So how are we to deal with this mistake? Sometimes when mistakes are made, as a number of Supreme Court decisions have illustrated, Bowles v. Russell comes to mind, people just have to take the consequences. This was the government's job to do, and maybe you don't get the enhancement here, because when you got that obscure notice from the clerk that there was something going on, nobody took the five minutes to pop back into the docket and see what happened. Yes, Your Honor. As you mentioned, the purpose is what's important here. As opposed to Bowles, which dealt with a jurisdictional issue, there is not strict compliance required for Section 851, and here, the purpose of providing the defendant with his due process rights, the opportunity to be heard, and reasonable notice. That occurred in this case. But there was a real risk that the defendant was going to be misled if anybody had gone back and checked the docket to see if there was an 851 notice there. Sometimes lawyers change, and a new lawyer comes in and is reviewing what's been there, and if we were to find this as harmless error, what possible incentive would the government ever have to comply with this again? Your Honor, the government would comply because the government takes its obligations to follow the statute seriously. But in this case, the government did comply. The government filed, provided notice, and in fact, if the defendant were to go back and look at the docket, Docket Entry 56 stated from the very time of the first filing through to today, Notice of Penalty Enhancement by Prior Drug Felony by USA as to Keith Carr. But then if they click on it, and they go in there during this long period of time, they find nothing. So they don't know what the prior offense was. They don't know whether there's some objection they might be able to make, which happens all the time, by the way, with 851s. They find a vacuum, and so it really is troubling. Yes, Your Honor. Well, in this case, as your concern regarding counsel, in this case, the defendant has had the same counsel from the start through today. And so there was no changeover or danger that it could be lost. And the facts of this case, as opposed to a hypothetical situation where a defendant maybe thought there wasn't an 851 on file, here, consistently, the defendant knew of the government's intent. It was the subject of multiple plea agreement negotiations. And in fact, the government's refusal to remove the 851 was the reason for this case proceeding to trial. So in this case, there wasn't an issue where there was confusion over whether the government sought an 851, and there was no confusion regarding the underlying conviction. And in fact, the defendant knew what that conviction was and never objected to it. And then this issue was briefed extensively, both before sentencing and it was argued at sentencing. So the defendant had ample opportunity to be heard. But in any case... When you say this issue, you mean the problem with the clerk removing it? The validity of the filing. But in any case, the government, Section 851 expressly allows for amendments when there is a clerical error with the filing. And so the government did just that, prior to sentencing, when they realized that the document was no longer attached, the government alerted counsel and then immediately filed the identical document, complete with the original file stamp, which shows that the only issue with the filing was the clerk's erroneous removal of it from the docket. Turning back to the prior conviction point, the District Court did not abuse its discretion when it properly applied Federal Rule of Evidence 609 to the facts of this case. This case does not present any rare or exceptional circumstances. There would be no danger that the jury would think that the defendant was caught up in this drug conspiracy... I'm sorry, that Lee was caught up in this drug conspiracy. They would be aware that he had pled guilty to his involvement in not only this drug conspiracy, but two years of involvement with a drug conspiracy. So not just... But it's the difference between a drug conspiracy and an exceedingly violent act, which is what the prior felony was. And so the jury might draw the line between somebody who doesn't mind making their money by selling drugs and somebody who's going to blow someone else's head off. Yes, Your Honor, and that prior felony conviction can only be used to demonstrate a willingness to break the law. Right. And I mean, you're very willing to break the law if you're that violent, right? And so too are you willing to break the law if you're involved in a drug conspiracy. But something like attempted murder is inflammatory and the jury could use that improperly or give it too much weight. In addition, built into the rule is the idea that a more recent conviction is more probative. And the jury heard of the most recent conviction and also was instructed as to the credibility of Lee and to take that into consideration. For these reasons, the government asks that this court affirm the district court's judgment and the jury's verdict. Thank you. Thank you. Anything further, Ms. Pavlo? This is not a clerical error. Clerical errors are defined essentially as Scrivner's errors. It's an error by a clerk. Well, in Hirsch, the defendant relied on an erroneous advice from a clerk and this court said that as unsettling as it may be to disadvantage a litigant, that defendant in that case was disadvantaged. If the rule's going to apply to the defendant, respectfully, it should apply to both sides. In terms of the quantity issue, the duration of the conspiracy is also a problem with Mr. Lee. He testified that he stopped selling drugs when his son was stopped by the police in April. That was the April date, yeah. Correct. And then on cross-examination, when asked when it started, he couldn't say for sure whether it was June, July, August, or September. He also exaggerated the quantities. There was the issue when he said he got stopped and police found 25 grams. He was impeached by the agent who said his previous statement was only three grams. There's this blatant testimony about, I told the jury that I made $50 for mixing when he told the grand jury 100, and he just said, I just picked 50. Those are all indications of his lack of credibility. That goes to duration. That goes to quantity. And for those reasons, we'd ask that you respectfully vacate the conviction and sentence in this matter. Thank you. Thank you. And you accept an appointment for this case, right? I do. So we thank you very much for your assistance to the court, to your client. So thanks. And thanks as well to the government. We'll take the case under advisement.